MARY A. BAYER ET AL., APPELLANTS, V. FRANK J. BAYER ET AL., APPELLEES.

FILED FEBRUARY 29, 1912. No. 16,616.

1. **Pleading**: PETITION IN EQUITY: JOINDER OF CAUSES OF ACTION. A demurrer to a petition in equity on the ground that several causes of action are improperly joined cannot be sustained because of uncertainty as to which of the plaintiffs is entitled to the relief demanded. If the uncertainty as to the respective rights of the plaintiffs arises from the language of the grant under which they claim, it is for a court of equity to determine their respective rights.

2. **Quieting Title**: PARTIES. A plaintiff who claims a life interest in real estate may join with those who claim the remainder in an action to quiet title against one in possession who refuses to recognize the right of either and claims the land under a clause in the deed through which all of the plaintiffs derive their rights.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Reversed.*

*J. L. McPheely,* for appellants.

*Adams & Adams, contra.*

SEDGWICK, J.

This action was begun in the district court for Kearney county by the plaintiff Mary A. Bayer and her six children. Five of the children being under age, the action was brought in their behalf by their mother as next friend and guardian. The defendant Frank J. Bayer filed two several demurrers to the petition, which were sustained, and, the plaintiffs electing not to plead further, the action was dismissed, and the plaintiffs have appealed.

The petition alleges that on the 5th day of December, 1902, one Thomas Bayer and his wife deeded the land in question to the plaintiff Mary A. Bayer and the defendant Frank J. Bayer; that at that time these grantees named in the deed were husband and wife, and the other plaintiffs in this case were their children. The deed is set out in the petition and appears to be in form an ordinary warranty deed to "the legal heirs of the body of Frank J. Bayer and Mary A. Bayer." The deed contained the following provision: "Reserving however unto Frank J. Bayer and Mary Bayer his wife, or either of them so long as they or either of them may not marry again, a life estate in and to said premises. It is further provided that none of the children of said Frank J. and Mary Bayer, or the representatives of a deceased child, shall maintain a partition suit for said premises until the youngest child of said Frank J. and Mary Bayer shall have reached its majority. It is further provided that neither Frank J. Bayer nor Mary Bayer shall have the right to sell or convey their said life estate, the grantors herein intending that the said lands shall be a home for the said

children and their parents until said youngest child shall attain its majority." The petition then alleges that soon after the 3d day of June, 1906, the plaintiff Mary A. Bayer began an action in the district court for Box Butte county for a divorce against the defendant Frank J. Bayer on the ground of extreme cruelty, and for the care and custody of the six children, and for alimony; that in that action judgment was rendered granting her all the relief prayed for, and that she has since that time had the care and custody of the children and provided for them, and that the defendant has not paid the amount adjudged against him in the divorce proceedings. The petition then alleges that in September (without alleging the year) the defendant Frank J. Bayer and the defendant Bonnie Bayer were married, and ever since that time have been living together as husband and wife. The petition demurred to was an amended petition,. which appears to have been filed September 18, 1909, so that the alleged marriage must have taken place before that date and after the decree of divorce. There is no direct allegation that the defendants are in possession of the real estate described in the petition, but it is alleged that the defendant Frank J. Bayer farmed the real estate in 1907, 1908 and 1909, and refuses to pay any rent for the same. This, as against a general demurrer, must be taken as a sufficient allegation of possession.

The two demurrers filed by the defendant Frank J. Bayer were upon the ground that "several causes of action were improperly joined," and "for that the petition does not state facts sufficient to constitute a cause of action in favor of the said Mary A. Bayer, plaintiff, and against this defendant," and "for that the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against this defendant." There was no oral argument on behalf of the defendant, but the reason for sustaining these demurrers is stated in the brief, as follows: "Our contention is that there was a misjoinder of causes of action; also, that on account of the relation

of the parties the petition did not state facts sufficient to constitute a cause of action in favor of Mary A. Bayer, in her own right, nor did it contain facts sufficient to constitute a cause of action in favor of the children, when joined in the same petition with Mary A. Bayer in her own right." It is then stated in the brief that "the legal title or the fee simple title is conveyed to the legal heirs" of Frank J. Bayer and Mary A. Bayer, and it is also stated in the brief that the provision in the deed reserving "a life estate" to Frank J. Bayer and Mary A. Bayer, his wife, "or either of them so long as they or either of them may not marry again," must be construed to mean that the marriage of either of them would terminate the life estate of both. We think that the defendant is wrong in all of these propositions, and the demurrers should have been overruled.

The suggestion in the brief that the grantor in the deed referred to did not have in mind a divorce for the parties, but had in mind the possible termination of the marriage relation by the death of one of them, cannot be derived from the terms of the deed. The language seems to be plain and unambiguous. The provision contemplates that the marriage might be dissolved, and whether this happened by death or divorce would be immaterial. So long as "either of them" did not marry again he or she would be entitled to a life estate in common with the other, but when one of them married again his or her rights in the land entirely ceased. As the plaintiff Mary A. Bayer has not married again she would seem to be entitled to the use of this land, which right would continue as long as she lived single. This interest is a life estate and the remainder to the children.

The defendants' brief says that if Mary A. Bayer is entitled to the rents and profits, the children are not, and, if the children are entitled, then the mother is not. "Hence, here are two different parties entirely, joined in one petition with no community of interests against a defendant, both asking for relief, based upon the same

subject matter." This urges the doubt whether the mother or her children have a right to maintain the action as a sufficient reason for denying any of them relief. They are all interested in having that doubt resolved, and may maintain their action for that purpose. These defendants cannot complain of their doing so. This question is for a court to determine; and when that court has taken jurisdiction it should do complete justice to all parties. While there is no direct statement in the petition of the interest in the land claimed by the defendants, it sufficiently appears that one of these defendants has claimed and had the use of the land while the divorce proceedings were pending and continuously thereafter. If he does not now claim any interest in the land and is ready to surrender it to the other plaintiffs, he should make it appear by answer, and might avoid costs by so doing. The prayer is for judgment for rent and profits, and that the title may be quieted in the plaintiff's children, and that the defendants be barred from interfering with the title or possession, and for general equitable relief. There can be no doubt that under these facts a court of equity has jurisdiction to determine the rights of the parties in this land and to do complete equity by giving possession of the land to the parties entitled to it.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED.

LETTON, J., not sitting.